IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHARICE JENKINS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:13-cv-3808-BN |
| | § | |
| TXS UNITED HOUSING PROGRAM, | § | |
| INC. and DEBRA KROUPA, | § | |
| | § | |
| Defendants. | § | |

# MEMORANDUM OPINION AND ORDER ON BANKRUPTCY STAY

## Background

Plaintiff Sharice Jenkins brings this action under the Fair Labor Standards Act, 29 U.S.C. § 216(b), against Defendants TXS United Housing Program, Inc. ("TXS") and Debra Kroupa ("Kroupa"). *See* Dkt. No. 1.

On October 7, 2014, Defendant TXS filed a Suggestion of Bankruptcy, in which TXS advised the Court that it filed a voluntary petition for bankruptcy in the United States Bankruptcy Court for the Northern District of Texas on October 6, 2014 in *In Re: TXS United Housing Program, Inc.*, Debtor; Case No. 14-34854-hdh11. *See* Dkt. No. 20. The Court issued an electronic order seeking the parties' views on the effect of TXS's bankruptcy on Plaintiff's pending claims against TXS and its codefendant Kroupa, in light of the automatic stay provisions of 11 U.S.C. § 362. *See* Dkt. No. 21.

Plaintiff filed a responsive brief explaining that her position is that the automatic stay only applies to TXS as the petitioner in bankruptcy and not to TXS's codefendant Kroupa. *See* Dkt. No. 22 at 1. Plaintiff explained:

> Courts generally recognize two exceptions to this baseline rule that the stay is not extended to co-defendants. First, the stay may be extended to co-defendants when there is an "actual relationship" with the debtor such that any judgment would actually apply to the bankrupt party. Second, courts have discretion to stay a case under these circumstances "in the interests of justice and in control of their docket." *Nat'l Oilwell Varo, L.P. v. Mud King Prods.*, 2013 WL 1948766 (S.D. Tex. 2013). As to the first factor, absent clear evidence that the bankrupt parties would be required to indemnify the individual defendants, there do not appear to be sufficient "unusual circumstances" to justify staying this case. With respect to this Court's discretion to stay, Plaintiff states that Defendant, TXS UNITED HOUSING PROGRAM, INC., has taken the position in a companion case, *Brian Preciado v. TSX United Housing Program, Inc., et al.*, 3:13-cv-03508-G, N.D. Texas, Dallas Division, that it did not maintain time or payroll records. Thus, Plaintiff can proceed without any further discovery in this matter.

*Id.* at 1-2.

Defendants TXS and Kroupa filed a response brief. *See* Dkt. No. 23. They assert that "a debtor's obligation to indemnify its co-defendant provides the basis to stay the proceeding as to that co-defendant" and that "TXS [is] required to indemnify Defendant Kroupa" under Tex. Bus. Orgs. Code § 8.051, which provides that "a Texas entity 'shall indemnify a governing person, former governing person, or delegate against reasonable expenses actually incurred by the person in connection with a proceeding in which the person is a respondent because the person is or was a governing person or delegate if the person is wholly successful, on the merits or otherwise, in the defense of the proceeding.'" Dkt. No. 23 at 2 (quoting TEX. BUS. ORGS. CODE § 8.051(a)). They contend

-2-

that Kroupa is a "governing person" – that is, "one who is 'entitled to manage and direct the affairs of an entity...'" – because she is TXS's Executive Director. *Id.* at 2 n.2 (quoting TEX. BUS. ORGS. CODE § 1.002(35A and 37)). Defendants argue that, "[i]f the stay is not extended to Defendant Kroupa – and she is 'wholly successful' – TXS shall become liable for her expenses"; that, "[a]s a matter of law, the Debtor will have been saddled with a new debt"; and that "[t]he stay is necessary because we cannot know whether Ms. Kroupa will in fact be successful 'on the merits or otherwise, in the defense of the proceeding' until the suit is reduced to judgment." *Id.* at 2 (citing *Scott v. Poindexter*, 53 S.W.3d 28, 34 (Tex. App. – San Antonio 2001, pet. denied)). Defendants effectively move for a discretionary stay and assert:

> If Defendant Kroupa prevails in this matter, the Debtor is legally liable for her reasonable attorney's fees and court costs. (See Texas Business Organization Code section 8.001(3)). It is proper to protect the Debtor from the imposition of new debts. Indeed, that is the purpose of the bankruptcy stay.

*Id.* at 3.

## Legal Standards and Analysis

11 U.S.C. § 362(a)(1) provides for an automatic stay of any judicial "proceeding against the debtor." "Section 362(a)(3) provides that the filing of a petition 'operates as a[n] [automatic stay] applicable to all entities, of ... any act to obtain possession of property of the estate or of property from the estate'" or "to obtain or exercise control over the property of the debtor." *Matter of S.I. Acquisition, Inc.*, 817 F.2d 1142, 1148 (5th Cir. 1987) (quoting 11 U.S.C. § 362(a)(3)). In short, the automatic stay generally forestalls any action against debtors in bankruptcy but not against co-debtors,

co-tortfeasors, or other non-debtors. *See Reliant Energy Servs., Inc. v. Enron Can. Corp.*, 349 F.3d 816, 825 (5th Cir. 2003).

The United States Court of Appeals for the Fifth Circuit has held that "a section 362(a)(1) stay is available only for the debtor's benefit and does not prohibit actions against nonbankrupt third parties or codefendants." *Matter of S.I. Acquisition*, 817 F.2d at 1147. Thus, "it is well-established 'that the protections of § 362 neither apply to co-defendants nor preclude severance.'" *Hamel-Schwulst v. Country Place Mortg. Ltd.*, 406 F. App'x 906, 911 (5th Cir. 2010) (quoting *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 544 (5th Cir. 1983)). The stay generally does not even extend to a codefendant that a plaintiff alleges is jointly and severally liable on her claims with the debtor. *See Uranga v. Holiday Market, Inc.*, No. 3:13-cv-2213-BN, 2014 WL 349716 (N.D. Tex. Jan. 31, 2014).

Further, "[t]he automatic stay of the bankruptcy court does not divest all other courts of jurisdiction to hear every claim that is in any way related to the bankruptcy proceeding," and courts retain jurisdiction "to determine the applicability of the stay to litigation pending before them, and to enter orders not inconsistent with the terms of the stay." *Picco v. Global Marine Drilling Co.*, 900 F.2d 846, 850 (5th Cir. 1990); *see also Arnold v. Garlock Inc.*, 288 F.3d 234, 236 (5th Cir. 2002) (citing cases).

The only contested issue for the Court is whether a discretionary stay of Plaintiff's claims against Defendant Kroupa is warranted based on an exception to the general rule where there is, as Defendants assert, "an actual relationship with the debtor such that any judgment would actually apply to the bankrupt party." *Labaty v.*

*UWT, Inc.*, No. SA-13-CV-389-XR, 2013 WL 4530563, at *7 (W.D. Tex. Aug. 26, 2013) (internal quotation marks omitted). That is, the stay may be extended to "nonbankrupt co-defendants where there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor," but the Fifth Circuit has declined to extend the stay under this exception where "no claim of a formal tie or contractual indemnification had been made to create an identity of interests between the debtor and nondebtor." *Reliant*, 349 F.3d at 825 (internal quotation marks omitted).

Here, Defendants have pointed to some "Texas law mandating indemnification" to invoke this exception. *Beran v. World Telemetry, Inc.*, 747 F. Supp. 2d 719, 723 (S.D. Tex. 2010). But, even assuming TXS is not already currently paying for Kroupa's legal defense in this action in which Defendants are jointly represented by the same counsel, Defendants do not claim that, based on an indemnification provision, a judgment in this case against Kroupa would be a judgment against TXS. Rather, a judgment "wholly" in favor of Kroupa will – if Defendants' views on the Texas indemnification statute's application are correct – require TXS to pay Kroupa's reasonable attorneys' fees and court costs in defending against Plaintiff's claims against her in this case.

Even if that is correct, no claim against Kroupa is effectively a claim against TXS to which the Section 362(a) stay should be extended. *See Fidelity & Dep. Co. of Md. v. Tri-Lam Co., Inc.*, No. SA-06-CA-207-XR, 2007 WL 1091311, at *3 (W.D. Tex. Apr. 9, 2007). Defendants have shown no formal tie or contractual indemnification

-5-

between them that creates an identity of interests between the debtor TXS and the nondebtor Kroupa – or that makes TXS the real party defendant – as to Plaintiffs' claims against Kroupa. The Court concludes that this situation does not fit within a limited exception to the general rule that a stay does not extend to a debtor's codefendants. *See Arnold*, 278 F.3d at 436; *GATX Aircraft Corp. v. M/V Courtney Leigh*, 768 F.2d 711, 716 (5th Cir. 1985); *Wedgeworth*, 706 F.2d at 546.

## Conclusion

Plaintiff states that she intends to dismiss her claims against Defendant TXS, but she has not done so yet. *See* Dkt. No. 22 at 1. If and when she does, the Court can address at that time whether such a dismissal is appropriate and permissible in light of the 11 U.S.C. § 362(a) automatic stay. *See Arnold*, 288 F.3d at 236-39; *Slay v. Living Ctrs. E., Inc.*, 249 B.R. 807, 807 (S.D. Ala. 2000).

In the meantime, the Court ORDERS that, because Plaintiff Sharice Jenkins's claims against Defendant TXS United Housing Program, Inc. are subject to 11 U.S.C. § 362(a)'s automatic stay protections, Plaintiff's claims against Defendant TXS United Housing Program, Inc. in this action are STAYED, subject to this stay's being lifted upon the motion of any party if the 11 U.S.C. § 362 automatic stay is lifted by the bankruptcy court, and that all pending deadlines applicable to Plaintiff's claims against Defendant TXS United Housing Program, Inc. are terminated. The right to seek the lifting of the stay of Plaintiff's claims against Defendant TXS United Housing Program, Inc. shall continue until 30 days after TXS United Housing Program, Inc.'s bankruptcy proceedings are concluded.

Plaintiff Sharice Jenkins's claims in this action against Defendant Debra Kroupa will proceed subject to the Court's May 12, 2014 Initial Scheduling Order [Dkt. No. 18] and the deadlines set in that order, and, absent a further order of this Court or the Bankruptcy Court, 11 U.S.C. § 362's automatic stay does not apply to those claims against Defendant Debra Kroupa.

SO ORDERED.

DATED: November 14, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE